UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES KEVIN CHAMBLEE
    Petitioner,
v.                                    Case No. 3:24cv380/MW/MAL

WARDEN SAULSBURY
FPC PENSACOLA,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner filed a narrative "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" contending the Bureau of Prisons has denied him sentencing credits to which he is entitled under the First Step Act (FSA). ECF No. 2. Because the petition was not on the proper court form, I directed him to file an amended petition in accordance with the Local Rules of this Court. ECF No. 4. Petitioner has not complied. After review of the Petitioner's claim, I recommend this case be summarily dismissed pursuant to Rule 4 of the Rules Governing 2254 Cases.[1]

Petitioner was convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and a violation of 18 U.S.C. § 924(c)(1)(A) in Northern District of Alabama, Case 4:19-cr-163-LSC-JHE. The

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases provides that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which governs § 2254 case]." The Local Rules of this Court also provide that the Rules Governing § 2254 Cases apply to all habeas cases filed in this District, regardless of whether they were filed under § 2254. N.D. Fla. Loc. R. 5.7(C).

1

court sentenced him to a total term of 174 months' imprisonment. *Id.*, ECF No. 19 at 2. He is currently incarcerated at FPC Pensacola with a projected release date of June 5, 2029. *See* https://www.bop.gov/inmateloc/.

Petitioner claims in his petition that he is serving a sentence for a "non-violent drug offense" and the Bureau of Prisons has erred in not awarding him his FSA credits under a mistaken belief that "drug trafficking crimes of 18 U.S.C. 924(c) are classified as a crime of violence." ECF No. 2 at 1, 2. Regardless of the specific facts underlying Petitioner's offense conduct, he is statutorily ineligible to receive such credits under title 18 U.S.C. § 3632(d)(4)(D)(xxii). While Petitioner may personally benefit from the programming he has engaged in, section 3632(d)(4)(D)(xxii) precludes any prisoner who is serving a sentence for a conviction under section 924(c) from receiving time credits under section 3632.

Because Petitioner is statutorily precluded from obtaining the requested relief, it is respectfully RECOMMENDED:

The Petition for Habeas Corpus under 28 U.S.C. § 2241, ECF No. 2, be DISMISSED under Rule 4 of the Rules Governing Section 2254 Cases.

At Gainesville, Florida on October 3, 2024.

/s/ *Midori A. Lowry*
**MIDORI A. LOWRY**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.